NOT DESIGNATED FOR PUBLICATION

Nos. 123,070
123,071

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AMY LYNN KILLINGER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; MICHAEL J. HOELSCHER, judge. Opinion filed August 20, 2021. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before WARNER, P.J., CLINE, J., and WALKER, S.J.


PER CURIAM: Amy Lynn Killinger appeals the district court's revocation of her probation and imposition of her underlying sentences in two separate cases. Specifically, Killinger argues that the district court abused its discretion by finding that she committed a new crime while on probation and imposing her underlying sentences as a result. However, after reviewing the record, we find no abuse of discretion and affirm the district court's decision.

1

On February 11, 2019, Killinger pled guilty to possession of methamphetamine in Sedgwick County case No. 18 CR 3386. On the same day, Killinger also pled guilty to felony theft in Sedgwick County case No. 19 CR 212. On April 15, 2019, the district court sentenced Killinger to 18 months' probation, with underlying prison sentences of 22 months and 11 months running consecutively.

Just six months later, on October 28, 2019, Killinger admitted to violating her probation by, among other things, failing to attend drug and alcohol treatment and failing to maintain employment. As a result, the district court extended Killinger's probation another 18 months. However, less than two months later, on December 16, 2019, Killinger, once again, admitted to violating her probation, this time by testing positively for methamphetamine use. As a result, the district court ordered Killinger to serve a 90-day jail sanction.

Soon after completing her sanction time, on March 2, 2020, the State alleged that Killinger had again violated her probation by committing a new crime of domestic battery. On July 6, 2020, the district court held an evidentiary probation violation hearing, at which Sheriff Deputy Stetson Johnson and Killinger's fiancé, Gary Baucom, testified.

At the hearing, Deputy Johnson testified that, on February 23, 2020, he was dispatched to a domestic violence call involving Killinger and Baucom. After arriving, Johnson observed lacerations on Baucom's forehead, ear, temple, and cheek. Johnson also testified that Baucom told him that Killinger had "punched and slapped" him that night and on the previous night. The State submitted into evidence Johnson's body camera footage which confirmed his description of his conversation with Baucom. In addition, the State submitted pictures that Johnson took during his interview of Baucom, which

2

also corroborated his description of Baucom's injuries. Johnson additionally testified that he did not suspect that Baucom was impaired in any way during his interview. Based upon his interview with Baucom and observation of his injuries, Johnson arrested Killinger for domestic battery that night.

At the hearing, Baucom testified that he remembered talking with Deputy Johnson but claimed that he was impaired at the time of the interview because he had taken medication that made him "hallucinate." Baucom admitted that he had gotten into an argument with Killinger, resulting in police being called. However, contrary to what he told Johnson at the scene, at the hearing Baucom testified that Killinger had not hit him during the argument. Instead, Baucom contended that his injuries were the result of having fallen into a dresser the night before Johnson was dispatched to his house.

At the end of the hearing, the district court found Killinger to be, once again, in violation of the terms of her probation based on the commission of a new crime of domestic battery. This time, however, the district court revoked Killinger's probation and ordered her to serve her underlying sentences.

On July 12, 2020, Killinger timely filed notices of appeal in both her cases. Since the issues are the same in both her cases, we have ordered Killinger's appeals consolidated for our consideration.

ANALYSIS

On appeal, Killinger argues that the district court abused its discretion by revoking her probation. Specifically, Killinger contends that the State failed to prove that she committed the new crime of domestic battery by a preponderance of the evidence. In addition, Killinger complains that the district court abused its discretion by imposing her underlying sentences rather than imposing another graduated sanction.

3

We review the district court's decision to revoke Killinger's probation and impose her underlying sentences under an abuse of discretion standard. See *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017). A judicial action constitutes an abuse of discretion only if (1) no reasonable person would take the view adopted by the district court, (2) it is based on an error of law, or (3) it is based on an error of fact. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). The party asserting the district court abused its discretion—in this case Killinger—bears the burden of showing such abuse of discretion. *State v. Smith-Parker*, 301 Kan. 132, 161, 340 P.3d 485 (2014).

Unless otherwise required by law, probation is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). In Killinger's cases, the district court originally showed leniency and granted Killinger the opportunity to serve a term of probation instead of going to prison. Regrettably, based on our review of the record, she had significant difficulty complying with the terms of her probation.

Killinger's primary argument on appeal is that a preponderance of the evidence does not support the district court's finding that she committed a new crime of domestic battery. To meet its burden of proof in a probation violation hearing, the State must establish that the probationer violated the terms of probation by a preponderance of the evidence, or that the violation is more probably true than not true. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). Once a probation violation is established, the court may revoke probation in its discretion. *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006); *Lloyd*, 52 Kan. App. 2d at 782. Appellate courts review the district court's factual findings for substantial competent evidence. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007).

In support of her argument, Killinger contends that Baucom was an unreliable witness on the night of the incident because he was impaired by a mind-altering medication at the time he was interviewed by Deputy Johnson. However, despite

Killinger's argument, we are not at liberty to reweigh the evidence or reevaluate the credibility of the witnesses. See *State v. Logsdon*, 304 Kan. 3, Syl. ¶ 2, 371 P.3d 836 (2016); *State v. Bartlett*, No. 116,368, 2017 WL 1303904, at *1 (Kan. App. 2017) (unpublished opinion) (applying rule in probation revocation case).

Our review of the record reveals that the State submitted sufficient evidence to support the conclusion, by a preponderance of the evidence, that Killinger committed the new crime of domestic battery. Specifically, the State presented the testimony of Deputy Johnson who interviewed Baucom on the night of the alleged domestic violence offense. Deputy Johnson testified that Baucom told him that Killinger hit him several times, causing injuries to his head and face. Additionally, despite Baucom's subsequent testimony that he did not remember telling Johnson that Killinger hit him, body camera footage taken at the time Johnson interviewed him confirmed that Baucom did, in fact, make such statements. Similarly, pictures taken of Baucom's injuries at the time of the interview were consistent with both Johnson's report and Baucom's statements made during the interview. Although Baucom later claimed to have been impaired at the time of interview, Johnson additionally testified that Baucom did not appear under the influence of an intoxicating substance at the time of dispatch to Baucom's home.

At a probation violation hearing, when a defendant challenges a district court's finding concerning the commission of a new crime, we are concerned only whether the preponderance of the evidence supports that the defendant committed the new crime. See *Inkelaar*, 38 Kan. App. 2d at 315-16. Ultimately, the district court, which held sole discretionary authority to weigh the competing testimony presented at the probation violation hearing, found Deputy Johnson's testimony more reliable than Baucom's. In short, we find sufficient evidence in the record to support the district court's finding. As a result, based on our review of the record on appeal, we conclude that Killinger has failed to show that the district court abused its discretion by revoking her probation under the circumstances presented.

Addressing Killinger's second complaint, we also conclude that she has failed to show that the district court abused its discretion by imposing her underlying sentences. We note that, prior to having her probation revoked and her underlying sentences imposed at this probation violation hearing, Killinger twice before stipulated to violating the terms of her probation. On both of those prior occasions, rather than impose Killinger's underlying sentences, the district court imposed the statutory intermediate sanctions. Nevertheless, rather than take advantage of those additional opportunities provided to her by the district court, Killinger continued to violate the terms of probation multiple times and in multiple ways.

As a result, we conclude that the district court did not abuse its discretion when deciding to finally revoke Killinger's probation and impose her underlying sentences after finding that she committed the new crime of domestic battery. Under such circumstances, the district court was well within its discretion to do so. See K.S.A. 2020 Supp. 22-3716(c)(7)(C); *State v. Skolaut*, 286 Kan. 219, 227-29, 182 P.3d 1231 (2008); see also K.S.A. 2020 Supp. 22-3716(c)(1)(C) (upon revocation of probation based on new conviction, district court may require the violator "*to serve the sentence imposed*, or any lesser sentence" [emphasis added]).

In sum, we find the district court's decisions to revoke Killinger's probation and to require her to serve the underlying sentences were reasonable under the circumstances. Accordingly, we conclude that the district court did not abuse its discretion and affirm its decision.

Affirmed.